# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jamell Malone, | ) |
| Plaintiff, | ) |
| v. | ) 16 C 3640 |
| Brian Walcholvy, et al., | ) Judge John Z. Lee |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Jamell Malone alleges that Chicago Police Department officers have engaged in a pattern of harassment and retaliation against him. Defendants have moved to dismiss the present complaint, contending that it is untimely and fails to state a plausible claim for relief. For the reasons provided herein, Defendants' motion is granted [90]. Plaintiff's third amended complaint is dismissed with prejudice. Civil case terminated.

## Factual and Procedural Background

Malone filed a *pro se* civil rights complaint on March 25, 2016, naming as Defendants the "City of Chicago Police Department," "Officer Walcholvy," "Officer Martino," and several other officers. Compl. at 2, ECF No. 6. In that complaint, Malone claimed that on March 21, 2014, Officers Walcholvy and Martino stopped and searched his vehicle, placed him and his girlfriend in handcuffs, "threw" them in the back of a police car, and asked them personal questions, all without probable cause. *Id.* at 4.

After several rounds of amended complaints and motions to dismiss, the Court recruited an attorney to assist Malone. The attorney filed a third amended complaint on Malone's behalf on May 25, 2018. The complaint names as Defendants Officers Brian Walcholvy and Jason Martino of the Chicago Police Department, "Officer Peterson," and the City of Chicago. 3d Am. Compl. at 1. According to Malone, the police officers "stopped, threatened, detained and questioned" him "many times . . . as part of a pattern to target, retaliate against, and intimidate Malone for law suits [*sic*] that he has filed against the City of Chicago." *Id.* ¶ 2.

Malone's third amended complaint identifies four specific instances of alleged harassment by law enforcement, all occurring in the spring of 2014:

1. "On or about March 26, 2014," Defendants Walcholvy and Martino stopped and searched his vehicle, detaining him and his girlfriend for approximately 25 minutes "for the sole purpose of harassing, intimidating, [and] threatening . . . him." *Id.* ¶¶ 10–11. Defendants told him that his "car was reportedly stolen," a statement they "knew or should have known" was false. *Id.*

2. On April 2, 2014, Officer Peterson approached him while he was smoking a cigarette near a McDonald's restaurant and told him to "[g]et the fuck away from around here." *Id.* ¶ 12. Malone was "threatened with arrest for an unspecified crime." *Id.*

3. On April 9, 2014, four unnamed Cook County Sheriff's deputies pulled over and searched Malone's vehicle, detaining him for 25 minutes after stating that "they were told by the City of Chicago Police that the vehicle was stolen." *Id.* ¶ 13.

4. Sometime between April 21 and 25, 2014, unnamed Chicago Police officers approached him at a restaurant, told him his license plates had been reported stolen, and threatened him with arrest. *Id.* ¶ 15.

Malone now brings claims for violation of his constitutional rights under 42 U.S.C. § 1983 (Count I), false imprisonment by Walcholvy and Martino (Count II), and failure by the City of Chicago to exercise care in hiring, supervising, or training its police officers (Count III), as well as a claim alleging that the City is liable for the false imprisonment committed by its officers (Count IV). Defendants have moved to dismiss the complaint as untimely and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard

Rule 8 provides that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the

3

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) based on the statute of limitations is inappropriate unless the complaint itself establishes that the suit is untimely and that there is no way around the time-bar. *See Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2005). This is because the statute of limitations is an affirmative defense that need not be anticipated in the complaint to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). If there is "a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

## Analysis

Defendants argue that the all of the claims asserted in the third amended complaint should be dismissed for untimeliness. Malone's third amended complaint was filed on May 25, 2018, over four years after the events he alleges, which occurred between March and April of 2014. The statute of limitations for § 1983 claims filed in Illinois is "governed by Illinois's personal-injury statute of limitations, which is two years." *Rosado v. Gonzales*, 832 F.3d 714, 716 (7th Cir. 2016) (citing 735 Ill. Comp.

4

Stat. § 5/13-202). Accordingly, Defendants are correct, and Malone's third amended complaint is untimely on its face.

Malone contends, however, that the third amended complaint relates back to the date his original complaint was filed—March 25, 2016. Since the third amended complaint alleges events occurring on or after March 26, 2014, he argues, it is timely.

In response, Defendants offer two reasons that the third amended complaint cannot relate back to the original complaint. As an initial matter, they contend, Malone's allegations of police encounters occurring in April 2014 are too distinct from the single event alleged in his original complaint—a vehicle stop in late March 2014—to allow relation back of those claims. What is more, Defendants argue, even Malone's allegations regarding the March 2014 stop cannot relate back because the original complaint was itself untimely. The Court will address each argument in turn.

I. **April 2014 Police Encounters**

When the statute of limitations has run at the time the plaintiff amends a complaint to add new claims, the new claims are timely only if they relate back to the original complaint as provided in Rule 15(c). Under that Rule, a new claim relates back if it arises out of "the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff's original complaint alleged that Officers Walcholvy and Martino pulled him over and searched his vehicle in March 2014. The complaint made no

5

mention of any facts relating to Malone's encounters with the other officer named in his third amended complaint, or any others, for that matter. This would seem to preclude Malone's attempts to fit the new incidents within the umbrella of his original complaint.

Undeterred, Malone argues that his allegations regarding police encounters in April 2014 *do* relate back because they were part of a "continuing violation of his constitutional rights." Pl.'s Resp. Opp. Defs.' Mot. Dismiss ("Pl.'s Resp.") at 2. Even though the events alleged in each complaint may have occurred at different times, he argues, they are "identical in type" to the allegations of the original complaint. *Id.*

This argument ignores the underlying premise of Rule 15(c) and is unpersuasive. The central inquiry under Rule 15(c) is whether the original complaint "gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 741 (7th Cir. 2018) (internal quotation marks and citation omitted). Even significant alterations may still relate back if they meet this standard, but allegations of transactions "wholly distinct from" those described in the original complaint will not support relation back. *Id.*

Here, the third amended complaint's allegations of the April 2014 police encounters are "wholly distinct" from the March 2014 stop alleged in the original complaint. *Id.* Each of the April stops involved different officers than those named

6

in the original complaint, under significantly different factual circumstances. What is more, although Malone *now* contends that each stop was part of a continuing pattern of retaliation and harassment, his original complaint contained no such allegations. Malone's original complaint was confined to a single stop and vehicle search conducted by Walcholvy and Martino in late March 2014; the complaint therefore provided Defendants with notice only of claims arising out of that single stop. Thus, Malone's claims arising out of other police encounters do not relate back to the original complaint and are dismissed as being untimely.

## II. March 2014 Vehicle Stop

As for Malone's claim arising from the March 2014 vehicle stop, the Court concludes that it is sufficiently related to the allegations in the original complaint to satisfy the requirements of Rule 15(c)(1)(B). But, as Defendants point out, this claim faces an additional barrier: Malone's original complaint alleged that the stop occurred on March 21—not March 26 as he now claims.[1] *See* Compl. at 2. And with the clock starting on March 21, 2014, the two-year statute of limitations for § 1983 claims ran on March 21, 2016—four days before Malone filed his original complaint.

---

[1] Defendants argue that evidence attached to Malone's second amended complaint shows that the stop actually occurred on March 20, 2014. *See* 2d Am. Compl. at 43–44, ECF No. 37. The Court does not address this argument because the second amended complaint has been rendered void by the third amended complaint, *see Flannery v. Recording Indus. Assoc. of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004), and because the evidence to which Defendants refer (a "contact card" describing a police stop of Malone on March 20, 2014) does not conclusively establish that Malone was not *also* stopped on another date.

7

Malone argues that the date he put in the original complaint was a mistake and that he should be allowed to correct that error by amending his complaint under Rule 15. And, in most situations, courts routinely allow plaintiffs to correct factual allegations that would otherwise prevent them from succeeding on their claims. Indeed, it is hornbook law that allegations contained in an amended complaint "supersede[ ] an original complaint and render[ ] the original complaint void." *Flannery*, 354 F.3d at 638 n.1. But the Seventh Circuit noted an important exception to that rule in *Henderson v. Bolanda*, 253 F.3d 928 (7th Cir. 2001).

In *Henderson*, the plaintiff asserted state law claims arising out of his allegedly deficient arrest and prosecution. The defendants filed a motion to dismiss the state law claims based upon Illinois's one-year limitations period, and the plaintiff— effectively conceding the point—filed an amended complaint that asserted federal claims under 42 U.S.C. § 1983, which are subject to a two-year limitations period. The defendants conceded that the new claims arose out of the same facts as the original claims, but argued that the federal claims could not relate back to the original complaint under Rule 15(c) because the original complaint was untimely filed. The Seventh Circuit agreed, noting that the original complaint was a "nullity" that "cannot . . . act as a life-line for a later complaint, filed after the two-year statute of limitations for the claims which it contain[s]." *Henderson*, 253 F.3d at 932.

Similarly, Malone's original complaint was untimely when it was filed and was, therefore, a "nullity." *Id.* at 932. In that complaint, Malone alleged that the stop

8

took place on March 21, 2014, more than two years prior to the filing of the original complaint on March 25, 2016. As a result, Malone's original § 1983 claims were untimely filed, and his attempt to resurrect these claims cannot relate back to the filing date of the original complaint.

We recognize that another court in this district has questioned the soundness of the rule described in *Henderson*, noting its seeming incongruity with the purposes of Rule 15(c)(1)(B) and the liberal approach to amendment provided in Rule 15(a). *See Snyder v. Vill. of Midlothian*, 302 F.R.D. 231, 236–40 (N.D. Ill. 2014). In particular, the court in *Snyder* explained that, where the factual allegations are the same and the original complaint provided defendants with sufficient notice under Rule 15(c)(1)(B), there is seemingly nothing prejudicial about allowing a plaintiff to simply correct or expound upon his allegations. *Id.* at 237. What is more, the court pointed out, the *Henderson* rule "effectively applies the incorrect statute of limitations to the claim raised in the amended complaint"—it applies the limitations period applicable to the claims alleged in the *original* complaint. *Id.* at 238.

Be that as it may, the Court is circumscribed by the Seventh Circuit's holding in *Henderson*. And, in any event, the concerns described in *Snyder* apply with less force here. In both *Snyder* and *Henderson*, the factual allegations in the original and amended complaints were the same; the amendments merely set forth different legal causes of action. *See Snyder*, 302 F.R.D. at 235–36. Thus, in those cases, the defendants were on notice at the time of the original complaint's filing of the injuries

9

they were alleged to have inflicted. *Id.* Here, by contrast, Malone's original complaint put Defendants on notice only of claims arising out of an alleged vehicle stop on March 21, 2014—which at that time were already outside the statute of limitations applicable to the complaint. Defendants had no way of knowing at that time that Malone would later claim that he had actually been stopped five days later. And, when they did finally receive notice of such a claim in the amended complaint, that notice came too late.

Lastly, Malone reprises his argument that his amended complaint alleges a "continuing violation," thereby saving his new claims. But, even assuming that Malone's allegations sufficiently pleaded a continuing violation, he failed to provide Defendants of notice of the continuing violation within the two-year limitations period. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (explaining that the statute of limitations begins accruing for a continuing violation on the "date of the last incidence of that violation") (citing *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001)).[2]

---

[2] Because the Court concludes that the third amended complaint is untimely, it does not address Defendants' arguments regarding the plausibility of Malone's claims.

## **Conclusion**

Defendants' motion to dismiss the third amended complaint as untimely [90] is granted. Plaintiff's third amended complaint [78] is dismissed with prejudice. Civil case terminated.

Date: 1/2/19

*/s/ John Z. Lee*

John Z. Lee
United States District Court Judge